IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRIE THOMPSON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-4211 |
| v. | : | |
| HEALTH NETWORK LABORATORIES, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.      March 2, 2020

The defendant has filed a motion for summary judgment which requires the court to determine whether the plaintiff's failure to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") within the statutorily-proscribed time period constitutes a failure to exhaust her administrative remedies, such that her Age Discrimination in Employment Act ("ADEA") claim is barred. For the reasons set forth below, the court concludes that the plaintiff failed to exhaust her administrative remedies and her claim is barred. Therefore, the court grants the defendant's motion for summary judgment and enters judgment in favor of the defendant.

## I. PROCEDURAL HISTORY

The plaintiff, Terrie Thompson, filed her complaint against the defendant, Health Network Laboratories, on September 12, 2019. Doc. No. 1. In the complaint, the plaintiff alleges that after 44 years working for the defendant as a phlebotomist, the defendant discriminated against her based on her age when it fired her on July 23, 2018. Compl. at ¶¶ 14, 15, 29, Doc. No. 1. On October 22, 2019, the defendant filed a motion to dismiss for failure to state a claim based on the plaintiff's failure to timely file a charge with the EEOC. Doc. No. 6.

The court held an initial pretrial conference with the parties on October 25, 2019. After the initial pretrial conference, the court ordered that the parties complete limited discovery on the issue of exhaustion of remedies, Doc. No. 7, and denied the motion to dismiss without prejudice to the defendant raising the exhaustion issue in a motion for summary judgment. Doc. No. 9. The defendant filed the instant motion for summary judgment on November 18, 2019. Doc. No. 10. The plaintiff filed her response in opposition to the motion for summary judgment on December 23, 2019. Doc. No. 11. The defendant filed its reply in support of the motion for summary judgment on December 30, 2019. Doc. No. 12. The court held oral argument on the motion on January 16, 2020. The motion for summary judgment is now ripe for disposition.

## II. APPLICABLE RECORD

This matter arises out of the defendant's decision to terminate the plaintiff on July 23, 2018. *See* Def.'s Statement of Undisputed Facts ("Def.'s Facts") at ¶ 1, Doc. No. 10-6; Compl. at ¶¶ 13, 15. On May 21, 2019, the plaintiff filed a charge of discrimination against the defendant with the EEOC. *See* Def.'s Facts at ¶ 5 and Ex. A; Mem. of Law in Supp. of Pl.'s Resp. to Def.'s Mot. for Summ. J. ("Pl.'s Mem.") at 1–2 and Ex. A, Doc. Nos. 11, 11-1. On July 2, 2019, the EEOC issued a dismissal and notice of rights to the plaintiff, because the charge was not timely filed with the EEOC. Def.'s Facts at ¶ 7; Def.'s Mem., Ex. B., Doc. No. 10-3; Pl.'s Mem., Ex. B.

## III. DISCUSSION

### A. **Standard of Review**

A district court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the moving party has met this burden, the non-moving party must counter with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 56(c) (stating that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . .; or . . . [by] showing that the materials cited do not establish the absence . . . of a genuine dispute"). The non-movant must show more than the "mere existence of a scintilla of evidence" for elements on which the non-movant bears the burden of production. *Anderson*, 477 U.S. at 252. Bare assertions, conclusory allegations, or suspicions are insufficient to defeat summary judgment. *See Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) (indicating that a party opposing a motion for summary judgment may not "rely merely upon bare assertions, conclusory allegations or suspicions"); *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999) (explaining that "speculation and conclusory allegations"

3

do not satisfy non-moving party's duty to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor"). Additionally, the non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Thus, it is not enough to "merely [] restat[e] the allegations" in the complaint; instead, the non-moving party must "point to concrete evidence in the record that supports each and every essential element of his case." *Jones v. Beard*, 145 F. App'x 743, 745–46 (3d Cir. 2005) (citing *Celotex*, 477 U.S. at 322). Moreover, arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The court must decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and the court should grant summary judgment in favor of the moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted). Further, when one party's claims are "blatantly contradicted by the record, so that no reasonable jury could believe it," the court should not take those claims as true for the "purposes of ruling on a Motion for Summary Judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.    Analysis**

In support of its motion for summary judgment, the defendant points out that section 626(d) of the ADEA requires that the plaintiff exhaust her administrative remedies by filing her charge with the EEOC within 300 days of the alleged misconduct. Br. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem.") at 4 (citations omitted), Doc. No. 10-1. The defendant argues that because the plaintiff failed to file her charge with the EEOC within 300 days of the termination of her employment, she failed to exhaust her administrative remedies, and this court must grant summary judgment in its favor. *Id.* at 4–5. The plaintiff does not dispute that she was untimely in filing her charge with the EEOC; instead, she argues that the EEOC's failure to investigate her claims negates her obligation to exhaust her administrative remedies before asserting her ADEA claims directly in federal court. Pl.'s Mem. at 3–4.

In resolving the parties' contentions, the court must first determine whether section 626(d) imposes upon the plaintiff a burden to file her charge with the EEOC within 300 days of the adverse employment action to exhaust administrative remedies. If section 626(d) imposes such a burden, the court must address a second question: whether the plaintiff's claim can move forward despite her failure to exhaust her administrative remedies. The court concludes that section 626(d) mandates that the plaintiff exhaust administrative remedies by filing her charge with the EEOC within 300 days and that the plaintiff's claim cannot move forward in light of her failure to exhaust her administrative remedies.

**1.    The Plaintiff Failed To Exhaust Her Administrative Remedies by Filing Her Charge with the EEOC 302 Days After the Alleged Misconduct.**

Section 626(d) of the ADEA provides the following limitations periods for actions filed under the Act:

**(d) Filing of charge with Commission; timeliness; conciliation, conference, and persuasion; unlawful practice**

> **(1)** No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—
>
> > **(A)** within 180 days after the alleged unlawful practice occurred; or
> >
> > **(B)** *in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.*

29 U.S.C. § 626(d) (emphasis added). Section 626(d)(1)(B) applies to Pennsylvania plaintiffs because Pennsylvania is a state wherein "section 633(b) of this title applies." 29 U.S.C. § 626(b). Section 633(b) applies because Pennsylvania is a "deferral state" in that it has "a state agency with authority to investigate claims of employment discrimination . . . ." *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 111 (3d Cir. 2014) (citing 29 U.S.C. §§ 626(d)(2), 633(b)); *see also Seredinski v. Clifton Precision Prods. Co., Div. of Litton Sys., Inc.*, 776 F.2d 56, 63 (3d Cir. 1985) ("In deferral states, such as Pennsylvania, the charge must be filed within 300 days of the allegedly illegal act."). Therefore, the maximum amount of time that the plaintiff had to file her charge with the EEOC was 300 days.

The plaintiff acknowledges that she filed her charge with the EEOC on May 21, 2019, 302 days after the alleged unlawful practice occurred—the alleged unlawful practice being the termination of her employment on July 23, 2018. Def.'s Facts at ¶ 1; Compl. at ¶¶ 13, 15; Pl.'s Mem. at 1, 4, 5. The plaintiff's failure to file her charge of discrimination within the time period proscribed in section 626(d) constitutes a failure to exhaust her administrative remedies. *See Hildebrand*, 757 F.3d at 111 (finding that in order to exhaust administrative remedies "the charge

[must] be timely filed"). Because the plaintiff failed to exhaust her administrative remedies, her claim cannot move forward in this court, as "[a] plaintiff seeking relief under the ADEA must exhaust his or her administrative remedies as mandated by 29 U.S.C. § 626(d)." *Id.*

## 2. The Plaintiff's Claim Cannot Move Forward in Light of Her Failure to Exhaust Her Administrative Remedies.

The plaintiff argues that she need not exhaust her administrative remedies to assert her ADEA claims because "ADEA claims are treated differently [from Title VII claims] in that the EEOC plays a much more minimal role." Pl.'s Mem. at 4. The plaintiff provides two examples of the way in which the EEOC plays a lesser role in ADEA claims. First, the plaintiff highlights that in certain instances a plaintiff may bring an ADEA claim directly in federal court, rather than going through the administrative process, relying on an unreported decision in *Rodriguez v. U.S. Postal Service*, Civ. A. No. 04-916, 2005 WL 486610 (E.D. Pa. Mar. 1, 2005). Pl.'s Mem. at 3. Second, the plaintiff highlights that ADEA plaintiffs can bring suit in federal court when the EEOC has not yet completed its investigation, relying on another unreported decision, *Turton v. Sharp Steel Rule Die, Inc.*, Civ. A. No. 01-2017, 2001 WL 840428 (E.D. Pa. July 19, 2001). Pl.'s Mem. at 3–4. The court concludes that neither of these two exceptions to the exhaustion of remedies requirement apply in the instant case.

In *Rodriguez*, the court stated that:

[T]he ADEA affords aggrieved *federal employees* two alternative routes for pursuing an age discrimination claim. First, the *federal employee* may pursue his claim through the administrative process. 29 U.S.C. § 633a(b) (2005). Under this alternative, only after the employee exhausts his administrative remedies, which includes filing an EEO complaint against the particular agency, may he file in federal court. 29 U.S.C. §§ 633a(b), 633a(c) (2005). Second, differing from Title VII and Rehabilitation Act claims, the aggrieved *federal employee* may file an age discrimination claim directly in the federal court. 29 U.S.C. § 633a(d) (2005).

7

2005 WL 486610, at *15–16 (emphasis added). As evidenced by the emphasized text, *Rodriguez* involved an aggrieved United States Post Office worker, a federal employee, for whom the ADEA (in section 633a) provides two potential avenues for asserting a claim. Here, the plaintiff was a phlebotomist in a privately-owned facility, not a federal employee. Based on the plain language of the statute, section 633a does not extend to private employees and *Rodriguez* is applicable here.[1]

As with *Rodriguez*, *Turton* does not apply to this case and does not provide to the plaintiff an exception to the filing requirements provided in section 626(d). The plaintiff highlights that in *Turton*, the court indicated that "the ADEA plaintiff can sue in court even if the EEOC has not yet completed its investigation or attempts at conciliation." 2001 WL 840428, at *3 (internal quotation marks and citations omitted). Even if the court were to adopt this interpretation of the ADEA, *Turton* does not help the plaintiff here because even if a plaintiff can file a complaint in federal court asserting an ADEA violation within 60 days *after filing a charge* with the EEOC, the plaintiff must still file the charge within 300 days of the adverse employment action. *Turton* does not provide that a private sector plaintiff, such as the plaintiff here, has exhausted administrative remedies when the plaintiff files an untimely charge with the EEOC and then files a federal action sixty or more days thereafter.[2] As such, *Turton* does not support the plaintiff's argument that she has somehow exhausted her administrative remedies when she acknowledges filing an untimely charge with the EEOC.

---

[1] In her brief, the plaintiff also references a provision on the EEOC's website, which states: "If your complaint involves age discrimination, you can skip the administrative complaint process altogether and go directly to court (as long as you give EEOC at least 30 days written notice of your intent to go to court)." Pl.'s Mem. at 4 (citing https://www.eeoc.gov/federal/fed_employees/lawsuit.cfm). This portion of the website, as evidenced by the words in the hyperlink, pertains to "Federal Employees and Applicants." As a private sector employee, this guidance on the EEOC's website is inapplicable to the plaintiff here.

[2] In *Turton*, the plaintiff alleged that the defendant wrongfully discharged him on February 3, 1999, and he dual-filed a charge with the EEOC and the Pennsylvania Human Relations Commission on March 9, 1999. *See* 2001 WL 840428 at *1. Thus, the timeliness of the charge was not at issue in the case.

8

The court notes that in her oral argument, and, to her credit, the plaintiff's counsel indicated that she was asking the court to employ a "novel approach" in finding that these cases demonstrate that ADEA claims are so distinct that the court can find that the plaintiff's failure to timely file her charge with the EEOC does not bar her claim. Unfortunately for the plaintiff, there is no legal ground for the court to stand on in adopting this "novel" approach. Rather, consistent with section 626(d) and the applicable case law, a private sector employee "seeking relief under the ADEA must exhaust his or her administrative remedies as mandated by 29 U.S.C. § 626(d)" and exhaustion requires that the plaintiff timely file a charge with the EEOC. *Hildebrand*, 757 F.3d at 111; *see also Boyle v. City of Phila.*, 169 F. Supp. 3d 624, 627 (E.D. Pa. Mar. 14, 2016) ("[Exhaustion] requires that the charge be timely filed and that the claims asserted in the litigation fall within the scope of the charge filed with the [EEOC]."). Therefore, the court concludes that the plaintiff cannot avoid the filing deadlines set out in ADEA section 626(d).

### III. CONCLUSION

Because the plaintiff failed to comply with the 300-day filing requirement of section 626(d) by untimely filing her charge with the EEOC, she has failed to exhaust her administrative remedies prior to filing this action. Accordingly, the court grants the defendant's motion for summary judgment.

The court will enter a separate order.

BY THE COURT:



EDWARD G. SMITH, J.